And the court will proceed to the second case, Chazen v. Williams There's Keishore, that's me. I saw you looking around. I was the one who called your name. May it please the court, I'm Deepthi Keishore here representing the government in this case. A Section 2255 motion is ordinarily the exclusive vehicle for federal prisoners to collaterally attack their convictions and sentences And a Section 2241 habeas petition may be available only in exceedingly narrow circumstances Where the prisoner can show that a Section 2255 motion is procedurally inadequate or ineffective to test the legality of his detention The most straightforward way for this court to resolve this case is to find that Chazen cannot prevail under this circuit's existing standard for saving clause relief Because he seeks to pursue arguments that he could have made back when he filed his first collateral attack in 2013 Now the reasons why he could have done so are threefold First, Mathis, the decision that he invokes as the basis for his 2241 petition Itself, by its terms, proves that Chazen's claim was available to him at the time of his first 2255 motion Mathis made clear that discamps, which had been decided before Chazen filed his first 2255 motion Provided the basis for the overbreadth argument that he made now Now, the petitioner, Todd Chazen, says discamps left some ambiguity about when a statute is divisible But he cites no decision supporting that proposition Much less explain why, if any such ambiguity exists in the Eighth Circuit Why that ambiguity would have foreclosed him from asserting his present challenge The case that I struggle with in light of the position you're advancing is Legrand So, help me understand this When I read Legrand, I read Legrand and think the government has foreclosed here I mean, I totally understand its sentencing guidelines and, you know, here we're dealing with ACCA But I don't, I'm not sure how in the world you get around that Yes, Your Honor. So, to begin, MacArthur, when the Eighth Circuit decided MacArthur It directly held that none of its prior decisions had decided the very question that was addressed in MacArthur And by holding that the residual clause cases, including Legrand, was not relevant to the inquiry Whether Minnesota burglary is a violent felony MacArthur rejected any notion that Legrand's statement about Minnesota burglary is generic I mean, that's looking back, though, right? MacArthur's 2017, right? So, from the perspective of Mr. Chazen, looking at what's in the Federal Reporter as of 2006 Legrand seems pretty clear-cut Well, Your Honor, the response to that is that even if Legrand or any of those other decisions were phrased broadly enough To make it reasonable for Chazen to believe that any challenge to ACCA burglary would have failed The question of foreclosure is not a subjective one and it's not a reasonable person standard or, you know, a good lawyer standard It is a question whether the claim was legally foreclosed as a matter of law Such that principles of stare decisis would have made courts unwilling to consider the claim Thereby making 2255 an inadequate or ineffective procedure And with respect to Legrand So, with Legrand on the books, what do you think he should have said? Well, uh I mean, how would you have written it? So, if I may sort of preface the direct answer to your question with one principle Courts often decide particular legal issues while assuming without deciding the validity of certain antecedent propositions And such assumptions would not be binding in future cases that directly raise the question So, in light of that principle He could have argued that Legrand assumed without deciding That the current version of the statute has a contemporaneous intent element under both of its alternatives Also, that it is assumed without deciding the constitutionality of the residual clause So, to the extent that Legrand depended on Eighth Circuit cases That interpreted the prior version of the Minnesota statute to reach its conclusion That the current version is generic burglary For two reasons, that conclusion wouldn't have precluded a court from rejecting Rejecting his challenge just sort of as a principle of stare decisis The first is that Legrand did not consider Neither Legrand nor any of the cases that it had ever cited Considered whether burglary is generic in light of both statutory alternatives It did not consider that contemporaneous intent question And again, for purposes of foreclosure The question is just whether there was any opening Any opening for him to have made the argument that he seeks to make now But even if that sort of distinction is not convincing to your honor De Camp came around after Legrand did And in light of De Camp Many prisoners, including the petitioner here himself Challenged statutes that had previously been held to qualify as generic burglary Under the means versus elements distinction articulated in De Camp So here, the fact that other prisoners perceived and litigated challenges To burglary statutes as indivisible and categorically over broad based on De Camp Shows that Legrand wouldn't have necessarily foreclosed any such argument And also the fact that he himself made that very argument In the context of challenging his escape conviction Notwithstanding contrary circuit precedent at the time Shows that he himself perceived that distinction That to the extent that Legrand or any of the other decisions Had foreclosed his claim at the time he filed his direct appeal That conclusion would not apply with equal force at the time he filed his initial 2255 motion Because by then, De Camp's had been decided And it also goes to the principle here that As this court has held in numerous cases A prisoner can't make his 2255 remedy inadequate By failing to raise a claim in an earlier proceeding So again, assuming that he was foreclosed at the time of his direct appeal In light of Legrand's language That would not have been the case by the time he filed his first 2255 motion Because De Camp's had been decided by then If I may turn, if the court has no further questions On the prior Minnesota cases On Constantine Legrand Sanzala I would like to maybe turn to The third point that we made in our brief on the futility issue For purposes of the futility analysis He's citing this sort of futility standard But has not identified a single case Decided in this court that would support his reading Which is a reading that a claim that would have been impractical At the time that he filed his first 2255 motion Necessarily satisfies this circuit's foreclosure standard So his argument is basically that it would have been impractical To challenge his burglary convictions Under the enumerated offenses clause In light of the fact that they would have just been moved To the residual clause And he wouldn't have been ultimately able to Obtain the relief he was seeking That has never been the circuit's standard In any case that we've been able to identify He has not identified any case that would support that sort of a theory And one consequence of allowing him to do so To rely on the residual clause cases for this purpose Is that it would allow a prisoner To make any broad claim Like there's no point in challenging My status as an armed career criminal Because even if this one predicate Shouldn't qualify as a violent felony There are all these other ones that do And then simply sit back and wait And if the courts come out in ways that show that the other Violent felonies now do not qualify Or the other predicates do not qualify as violent felonies Then sort of bring all of his claims under the saving clause So in a sense that sort of a theory would allow A prisoner to bootstrap Numerous sort of unrelated Litigation on claims that were That could have been challenged in earlier proceedings In a 2241 petition Which the saving clause does not allow I'd like to sort of Hit maybe two sort of Policy points here As we've said in our brief The statutory text Under 2255E The saving clause uses the word test So test Test suggests that the focus is on The opportunity Whether there's an adequate procedural opportunity to raise A certain claim Not whether there is an opportunity to Succeed on that claim Or not that there's any guarantee to succeed on such a claim And In light of sort of that Principle The question really was For the purpose of the saving clause The question is really whether there's any adequate opportunity to raise a claim Now if there is adverse circuit precedent On all fours that squarely would have foreclosed the claim Then under this circuit's precedence That would mean that the prisoner doesn't have the opportunity To test the claim because the courts would not Be open to even considering it It would be not heard on its merits Because it's squarely foreclosed Now to the extent that there is an opening That there's a legal basis for distinguishing the precedent Then 2255 Is as a matter of law an adequate procedural Avenue to test the present Claims Suppose we disagree with you That you just come up short on that In light of where our case law is at on other fronts that are relevant here Davenport, Van Canen, etc. Why should we hold our hand For the Quarles case in the U.S. Supreme Court Because we'd have a Petitioner in front of us Who is otherwise entitled to relief Who's incarcerated Right, so I guess your Honor is referring to the Wheeler case The Wheeler case on the saving clause issue I've had Quarles in mind Maybe I'll just explain that very quickly There are two issues that are pending Before the Supreme Court One is whether the saving clause categorically Bars any claim based on an intervening Supreme Court decision of statutory interpretation That petition has been filed by the Solicitor General But has not been granted Quarles is the one about the robbery Correct Now at this point We are not asking this court to hold the case pending Wheeler We've only made that argument to preserve it Because the Supreme Court hasn't even granted that petition yet So all the arguments I've been making about the saving clause I'm making them under this circuit's current standard For relief, in light of Davenport and all those cases With respect to the second issue The Quarles issue We would ask that if the Quarles case Is decided in favor of the government Meaning that the Supreme Court affirms the Court of Appeals In that case, we would ask that this court hold a decision In this case pending Supplemental briefing on whether Quarles Impacts the relief that Chazen is seeking We don't believe that would delay the proceedings in this case In the sense that a decision in Quarles is Expected by the end of June So it wouldn't delay it too much But At the very minimum The Quarles case would If it were decided in the government's favor Would undercut several of Van Cannon's conclusions And MacArthur's conclusions Which goes directly to whether Chazen's prior burglary convictions Qualify as violent felonies And I'm running into my time for rebuttals Actually you've gone past it But we'll give you a little rebuttal time It's fine May it please the court Mr. Chazen's argument is not That his claim would have been impractical In 2013 A defense lawyer, an ethical defense lawyer would have filed An Anders brief If he had filed a 2255 on this issue I think it likely It never would have made it past the rule 4 screening That the district court does And even post-Johnson But pre-Mathis The government essentially told the 8th circuit This issue was foreclosed When Mr. Chazen filed an application To file a successive 2255 petition Based on Johnson And the government said no Minnesota burglary is a solid predicate Under the enumerated offenses clause So it was simply and completely Foreclosed for two reasons Until Johnson and then for an additional reason Post-Johnson Counsel, let me ask you a question about DeCamp So DeCamp had been decided at the time That he filed his 2255 motion, correct? So in Mathis, the court Doesn't really characterize Mathis as a new rule It says our precedents make this a straightforward case So if the court itself didn't treat Mathis as new But a straightforward application of its prior precedents Why couldn't Mr. Chazen have argued that DeCamp Would give him the relief that he wanted in his 2255 motion? So there's a bigger answer But a quick answer is that the issue is not whether he could have argued I can argue that precedent should be overruled But that the test is about Whether the claim is foreclosed But the Supreme Court and this court has repeatedly said That a statutory interpretation decision is never new It's interpreting the law as it has always been written And in Davenport, I think this is really important That was about Bailey Which limited application of 924C And the court in Davenport explained That Bailey was not new And in fact it was an open question among the circuits But its own circuit precedent foreclosed The prisoner in that case From getting relief at the time he could have filed a 2255 Which got him through what we agree Is an exceedingly narrow exception You're right on the point About statutory interpretations not being new But I guess what I'm getting at is If DeCamp had undercut precedent Why wasn't it available to him and not foreclosed? Because the circuit precedent can't trump What the Supreme Court is saying Sure, so there's two lines of precedent here And there is this Johnson issue But that was not the only line of precedent that was a problem In 2013, we still have the residual clause alive and kicking There's no claim there But in addition, the 8th Circuit had a couple of cases They had a case called Bankhead They had the circuit version of Mathis And they interpreted DeCamps as really barely changing their law So again, DeCamps is about If it's divisible, then you look at Shepard documents If it's indivisible, you don't But they didn't say what that meant Prior to DeCamps, in the 8th Circuit They essentially looked at even just broad terms of the statute Sort of like in the case in DeCamps Went to Shepard documents and found all the facts about the case Post-DeCamps, they said Where you have any statutory alternatives Whether means or elements And they were very explicit about that You still go back to the Shepard documents and you still figure out Whether the person committed the predicate type offense So post-DeCamps, you still have the problem of the residual clause You still have the problem of the inability to argue That this is an indivisible statute That gives you any relief regarding the enumerated offenses clause And I do want to Touch a little bit on Why this court should not hold this case For quarrels or even If the Supreme Court accepts Wheeler Just as Judge Scudder was saying Mr. Chazen is sitting in prison right now Any delay in this case Because of the possibility That the Supreme Court will change circuit law Will keep him in prison while that gets sorted out Now, you know, if we were in a situation Where this is a completely unsettled issue in the circuit It would be a different matter And I know that I even have a case And there's a couple of cases that address an issue in Haymond Which is another case in the Supreme Court About the application of Apprendi to the supervised release violations And everybody agrees that should be put on hold This court has never talked about that But where circuit law is settled, it does not make sense To delay this case for these other cases Where the government is absolutely capable Of filing a cert petition And so, in the end, if, say, Mr. Chazen is released Under this court's mandate I mean, I have to have a conversation with my client And I've done it in the past You can be released under a mandate If the Supreme Court reverses The government is going to get that time out of you They've lost nothing, it's remediable On the other hand, if he remains in prison Not only while we wait for Quarles But while we potentially, if Quarles changes the law While we come back here and talk about what is the effect of Quarles On Minnesota's burglary, because it's not clear from the petition Or if it's Wheeler Which potentially wouldn't be heard until sometime in the fall If they were to take that up That's something we can't remedy that time in Mr. Chazen's life So just to be clear about a few points Just that sort of came up in briefing The government repeatedly said That Mr. Chazen has pointed to no cases That foreclosed his claim Legrand, Sanzala, Constantine Individually and together Those foreclosed his claim At the time he could file A 2255 motion And this really is one of those exceedingly rare cases You don't see that sort of clear precedent For the most part And you don't see the sort of clear avenue for relief At this time that has only just become available To Mr. Chazen One thing I wanted to address really quickly Because it came up in the reply brief Is an unpublished case called Ojeda Where the government was arguing that Ojeda is analogous To this case And the court in Ojeda essentially said That the guy couldn't have a Johnson claim And a Mathis petition It was about Nebraska burglary So I just wanted to make a couple of points Since I didn't get the chance to brief that And that is first of all Nebraska burglary isn't like Minnesota burglary I found one published case On Nebraska burglary that said it's never been Generic burglary under Taylor It's always been a residual clause offense So essentially the court was right That guy had a Johnson claim or he had nothing And when he failed to prosecute his appeal On his Johnson claim in a 2255 What happens is he did what happened in Poe And Camacho and these other cases Is he tries to use 2241 inappropriately As a vehicle to shoehorn in a claim That doesn't belong there That is not what's happening here This is precisely the circumstance That this circuit has said is appropriate For 2241 relief And if there are no further questions Thank you Had Ms. Kishore's time expired? You may have two minutes You may have two minutes Ms. Kishore Thank you your honor I just wanted to Mention one point which is that The cases that we believe are Most directly on point here with respect to the saving clause Interpretation which we cite in our brief Are the Hill v. Worlinger case The Taylor v. Gilkey case Montana v. Cross And also the standard as articulated in light So I think under analysis of any of those Cases reasoning Our interpretation of the foreclosure standard Would satisfy the Davenport condition Because a timely motion to vacate under section 2255 Would have been an adequate and effective vehicle for Chazen's claim We request that the court reverse the district court's order Granting habeas corpus relief and remand with instructions To dismiss the petition with prejudice under 2255E If the court has no further questions I thank the court for its time Thanks to both counsel